IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| YSLETA DEL SUR PUEBLO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. EP-10-CA-315 |
| § | |
| NATIONAL INDIAN GAMING COMMISSION, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL

This is a civil action for declaratory and injunctive relief, with jurisdiction asserted under 28 U.S.C. §§ 1331 (federal question), 1337 (commercial and antitrust regulation), and 1362 (Indian tribes). The Defendant has filed a motion to dismiss for lack of subject matter jurisdiction. The Court, having considered the motion and the Plaintiff's response, finds that the motion to dismiss should be granted.

### Background

In 1987, Congress enacted the Restoration Act, 25 U.S.C. § 1300, which recognized the Ysleta del Sur Pueblo (hereinafter "the Tribe") as an Indian tribe entitled to full federal trust relationship with the United States. Thereafter, the Tribe established its own Gaming Commission, which was responsible for conducting certain games at the Speaking Rock Entertainment Center in El Paso County, Texas.

On October 14, 2009, an attorney representing the Tribe

1

wrote the Acting General Counsel of the National Indian Gaming Commission (NIGC), requesting that the Commission furnish training for the Tribe's Gaming Commission. On February 23, 2010, the Acting General Counsel responded in writing. The request was denied on the basis of her opinion that the Tribe is not under NIGC jurisdiction, and therefore its funds could not be made available to train the Tribe's Gaming Commission.

On May 12, 2010, the Tribe filed this suit against the Commission in the United States District Court for the District of Columbia, seeking declaratory and injunctive relief. First, Plaintiff requests a declaratory judgment that Defendant violated both the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-2721, and the Restoration Act, 25 U.S.C. § 1300g. Second, Plaintiff seeks an injunction compelling Defendant to exercise jurisdiction over the gaming activities of the Tribe and to provide them with technical assistance and training. On August 17, 2010, Judge Huvelle of the District of Columbia transferred the case to this Court under 28 U.S.C. § 1404(a). On September 21, 2010 Defendant filed a revised motion to dismiss asserting a lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)). Plaintiff timely responded in opposition to the motion to dismiss, and Defendant filed a reply brief. This matter is now ripe for decision.

## Applicable Law and Analysis

Jurisdiction is a threshold issue that must be addressed before considering the underlying merits of the case. **Steel Co. v. Citizens for a Better Env't,** 523 U.S. 83, 94-95 (1998). When subject matter jurisdiction is placed in issue by a motion to dismiss under Rule 12(b)(1), the burden of proof is on the party asserting jurisdiction. **Ramming v. United States,** 281 F.3d 158, 161 (5th Cir. 2001). The jurisdictional issue in this case is whether there has been a waiver of sovereign immunity.

In order to sue an agency of the Federal government, as the Tribe seeks to do, the government must first consent to the suit by waiving its sovereign immunity. **United States v. Mitchell,** 445 U.S. 535, 538 (1980). The terms of the consent will define the Court's jurisdiction to entertain the suit. **United States v. Sherwood,** 312 U.S. 584, 586 (1941). A waiver of sovereign immunity must be strictly construed in favor of the sovereign and not enlarged beyond that which the statute requires. **McMahon v. United States,** 342 U.S. 25, 27 (1951); **Eastern Transportation Co. v. United States,** 272 U.S. 675, 686 (1927). To survive a motion to dismiss for lack of subject matter jurisdiction, the Tribe must show that the government has waived its sovereign immunity with respect to the claims asserted in its complaint.

Plaintiff cites the Administrative Procedure Act (APA) as a

3

waiver of sovereign immunity in this case. 5 U.S.C. 701 **et seq**. Section 702 of the APA does not create an independent basis of jurisdiction, but instead confers a general cause of action upon persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. 702; **see also Califano v. Sanders**, 430 U.S. 99, 105-07 (1977).

As the Supreme Court has acknowledged on multiple occasions, there is a strong presumption that Congress intends judicial review of agency actions. **See United States v. Fausto**, 484 U.S. 439, 452 (1988); **Bowen v. Michigan Academy of Family Physicians**, 476 U.S. 667, 670 (1986). This presumption may be "overcom[e] whenever the congressional intent to preclude review is 'fairly discernible in the statutory scheme.'" **Block v. Community Nutrition Institute**, 467 U.S. 340, at 351 (1984) (quoting **Data Processing Service v. Camp**, 397 U.S. 150, 157(1970)). Therefore, the APA's presumption of judicial review may be overcome if Congressional intent to preclude review can be fairly discerned from the statutory scheme underlying the agency action being challenged. **See Lac Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft**, 360 F. Supp. 2d 64, 67 (D.D.C. 2004).

Congress enacted the IGRA in 1988 "to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency, and

4

strong tribal governments." 25 U.S.C. 2702(1). Within the IGRA, Congress specifies those categories of Commission actions which are reviewable in Court. 25 U.S.C. 2714 reads "[d]ecisions by the Commission pursuant to Sections 2710, 2711, 2712, and 2713 of this title shall be final agency decisions for the purposes of appeal to the appropriate Federal district court." The final agency actions detailed in the IGRA are: decisions on tribal gaming ordinances, decisions on management contracts, review of existing ordinances and contracts, and civil penalties. 25 U.S.C. 2710, 2712, 2713, 2714. Because of the specific listing by Congress of those decisions which represent final agency actions, "the implied corollary is that the other agency actions are not final, and ergo, not reviewable." **Cheyenne-Arapaho Gaming Comm'n v. Nat'l Indian Gaming Comm'n**, 214 F. Supp. 2d 1155, 1171 (N.D. Okla. 2002).

An analysis of the IGRA leads to the conclusion that it was Congress' clear intent to limit judicial review to certain final agency actions- those enumerated in Section 2714. The advisory letter from the General Counsel of the NIGC does not fall within any of the statutory categories as to which the IGRA provides judicial review. Therefore, the IGRA does not confer jurisdiction in this case. The presumption favoring judicial review of administrative actions has been overcome since the Congressional intent to preclude judicial review is fairly

5

discernible. Because the Court lacks jurisdiction to grant the relief sought by the Tribe, the motion to dismiss the complaint should be granted.

## Conclusion

It is therefore ORDERED that Defendant National Indian Gaming Commission's motion to dismiss for lack of subject matter jurisdiction be, and it is hereby, GRANTED.

It is further ORDERED that Plaintiff Ysleta del Sur Pueblo's Complaint be, and it is hereby, DISMISSED.

SIGNED AND ENTERED this 24th day of November, 2010.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE